[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10278
Non-Argument Calendar

_____

Agency No. A098-118-183

LARRY JOSE SIERRA-MATEY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 13, 2009)

Before DUBINA, Chief Judge, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Petitioner Larry Jose Sierra-Matey seeks review of the decision of the Board

of Immigration Appeals summarily affirming the Immigration Judge's order finding him removable and denying his application for asylum or withholding of removal. Sierra-Matey argues on appeal that his credible testimony regarding the severe persecution his family suffered at the hands of the Sandinistas in the past was sufficient to meet the standard for asylum, and that he was, alternatively, entitled to withholding of removal because he sufficiently demonstrated that future persecution is likely to occur if he is returned to Nicaragua.

"When . . . the BIA summarily affirms the IJ's decision without an opinion, such as here, the IJ's decision becomes the final removal order subject to review." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254 (11th Cir. 2006). To the extent that the decision was based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001). The IJ's factual findings are reviewed under the substantial evidence test. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 (11th Cir. 2001). Under the substantial evidence test, we must affirm the IJ's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (internal quotation marks omitted). "To reverse a factual finding by the [IJ], this Court must find not only that the evidence supports a contrary conclusion, but that it compels one." *Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is

2

not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

An alien may qualify for asylum by presenting credible evidence showing "(1) past persecution on account of her political opinion or any other protected ground, or (2) a 'well-founded fear' that her political opinion or any other protected ground will cause future persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005) (citing 8 C.F.R. § 208.13(a), (b)). Protected grounds are race, religion, nationality, membership in a particular social group, or political opinion. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004). A persecution claim based on political opinion focuses on the victim/petitioner's political beliefs, not those of the persecutor. *Id.* at 437-38.

If the petitioner demonstrates past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. 8 C.F.R § 208.13(b)(1). If he cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *Al Najjar*, 257 F.3d at 1289. If substantial evidence supports the IJ's finding that an alien suffered particular harms for reasons other than a protected ground, the petition for review will be denied. *See e.g.*, *Scheerer v. U.S. Att'y Gen.*, 445 F.3d 1311, 1316 (11th Cir. 2006).

An alien seeking withholding of removal under the INA similarly must show

3

that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." *See* INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). *Ruiz*, 440 F.3d at 1257. "The burden of proof for withholding of removal, however, is more likely than not, and, thus, is more stringent than the standard for asylum relief." *Id.* (internal quotation marks omitted).

The record here demonstrates that there was substantial evidence to support the IJ's denial of asylum and withholding of removal. Sierra-Matey admitted that he left Nicaragua due to poverty, and could cite no past persecution directed toward him. At best, he demonstrated that twenty years ago his family suffered at the hands of the Sandinistas, but the IJ found no evidence that the current, elected Sandinista government was engaged in retaliation or repression toward those that opposed it decades ago. In fact, Sierra-Matey expressed no particular fear of the new government, and his large extended family continues to live there without incident. *See e.g.*, *Ruiz*, 440 F.3d at 1259 ("Ruiz's claim was contradicted by his testimony that his son and his parents have remained unharmed in the region of Colombia where Ruiz allegedly was threatened."). The IJ's asylum ruling is well-supported by the evidence, and, even assuming that Sierra-Matey sufficiently raised an administrative claim of error, the evidence likewise supports denial of withholding of removal. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n. 4

4

(11th Cir. 2005) (where petitioner fails to meet the requirements for asylum, he necessarily fails to establish eligibility for withholding of removal).

For the aforementioned reasons, we deny the petition for review.

**PETITION DENIED.**